ULRICE LESSER, APPELLANT, *v.* FREDERICK E. PERKINS, RESPONDENT.

39 343
57 257
39 341
24ap291

*Practice — when counsel should not be allowed to read from a text-book to the jury.*

In this action, brought to recover a balance alleged to be due upon a contract for the sale of wrought scrap iron, a verdict was rendered sustaining a counter-claim interposed by the defendant which set up a failure of the plaintiff to perform the written contract in which the weight and quality of the iron were guaranteed. In addressing the jury the defendant's counsel was allowed, against the objection and exception of the plaintiff, to read to the jury extracts

from Bliss on Insurance, which stated the doctrine of warranty and the necessity of strictly complying therewith, as applicable to policies of insurance.

*Held,* that this was error, as the doctrines of warranty governing policies of insurance were not applicable to sales of chattels.

That although counsel may, perhaps, be allowed in this State to read to the jury when what is read is the law of the case and can by no possibility prejudice the adverse party, yet it is a custom more honored in the breach than in the observance, and should not be allowed as long as the jury are required to accept for their guidance the legal rules pronounced by the court.

APPEAL from a judgment in favor of the defendant on his counter-claim, entered on a verdict rendered at the New York Circuit, and from an order denying a motion for a new trial, made on the minutes of the justice before whom the action was tried.

*Lewis Sanders,* for the appellant

*Flamen B. Candler,* for the respondent.

BRADY, J.:

This action was brought to recover a balance alleged to be due upon a contract for the sale of wrought scrap iron, and the defense was a counter-claim, predicated of the failure of the plaintiff to perform the contract, which was in writing, and by which the weight and quality of the iron was guaranteed.

Numerous exceptions were taken during the trial and to refusals to charge, but in the view that is forced upon the court, upon an examination of the case, it will be necessary to consider but one, for the reason that that is fatal to the maintenance of the judgment. The defendant's counsel, in addressing the jury, read extracts from Bliss on Insurance (§ 36), which was objected to on the ground that it was an entire misapplication of the law of this controversy. The objection was overruled and an exception taken. What was read is as follows :

" SECTION 36. Effect of warranty. A warranty must be strictly complied with. It makes no difference whether it is as to a material or a trivial fact. It forms a part of the contract, and the parties have a right to introduce into their contract any provisions (not inconsistent with public policy), which they choose. By introducing them, they stipulate in effect that they are so material that if not strictly complied with the whole contract is rendered void.

A misstatement in a warranty is, therefore, fatal to the contract, although arising from the most innocent mistakes or from false information afforded by others, or from mere inadvertence, and as much so as if made with the most willfully fraudulent intent. Lord MANSFIELD says that in a warranty ' nothing tantamount will do or answer the purpose. It must be strictly performed.' Mr. Justice BULLER says : ' It is a ·matter of indifference whether the thing warranted be or not material, but it must be literally complied with.' Mr. Justice ASHHURST says : ' The very meaning of a warranty is to preclude all question whether it has been substantially complied with. It must be literally so.' Lord ELDON says : ' If there is a warranty, it is a part of the contract that the matter is such as it is represented to be.'

" Lord MANSFIELD says, in one case, ' The contract depends on an event taking place. There is no latitude, no equity ; the only question is, has that event happened ; ' and in another ' a warranty in a policy of insurance is a condition or a contingency, and unless that is performed there is no contract. It is perfectly immaterial for what purpose a warranty is introduced, but being inserted the contract does not exist unless it is literally complied with.' And Lord ST. LEONARDS says, ' it is simply sufficient, and ought to be sufficient to avoid the policy that any one thing warranted is not true."

It relates entirely to policies of insurance. ·There is no case to be found in the books which applies the doctrines of warranty governing policies of insurance to sales of chattels accompanied with a warranty. Warranties in policies of insurance are supposed to influence the formation of a contract upon the subject of the risk to be taken by the company and the company only, and therefore are regarded as material and of vital importance to it for its protection and security. No such element enters into the dealings of parties upon a sale of chattels, and the consideration of a guaranty, its effects, results and the rights and obligations of the parties under it are entirely different. This must be so apparent to the legal mind that it is not necessary to elaborate it, and the learned justice presiding in the court below undoubtedly misapprehended the character of the extracts.

The practice of reading to the jury, as done here, has been con-

.demned by a number of adjudged cases. (*People* v. *Anderson*, 44 Cal., 70; *Tuller* v. *Talbot*, 23 Ill., 357; *Sprague* v. *Craig*, 51 id., 288; *Reich* v. *Mayor of the City of New York*, 17 Weekly Dig., 141; *Allaire* v. *Allaire*, 39 N. J. Law Rep, 113; *Koelges* v. *Guardian Life Ins. Co.*, 57 N. Y., 638.) Perhaps in this State it may be done where the matter read is the law of the case and can by no possibility prejudice the adverse party. (*Koelges* v. *Guardian Life Ins. Co., supra.*) But nevertheless it must be said that it is a custom more honored in the breach than in the observance, and further should not be allowed as long as the jury are required to accept for their guidance the legal rules pronounced by the court. If a counsel desires to call the attention of the court to rule, doctrine or maxim, and to illustrate by treatise or adjudication, it is proper to do so, but the jury if addressed on the subject by counsel may confuse the instruction and the reading and thus obstruct, if they do not defy, the administration of justice. In this case, as already suggested, it cannot be said that the extracts set out did not prejudice the plaintiff, and for the reasons stated, namely, that the contract between the parties was not governed by the rigorous rules which the extracts presented for consideration. For the same reason, namely, that the extracts read were not expressive of the law of the case, the exception taken to the reading with the approbation of the court was one to a declaration in effect that the extracts were expressive of the law of the case and therefore it was effective and fatal.

For these reasons the judgment must be reversed, and a new trial ordered with costs to abide the event.

DANIELS, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.